### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
BOGDAN K.                     :    Civ. No. 3:20CV01341(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI,              :
ACTING COMMISSIONER, SOCIAL   :
SECURITY ADMINISTRATION       :
                              :    September 7, 2021
------------------------------x
```

### ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Doc. #25]

Plaintiff Bogdan K. ("plaintiff") filed an application for Disability Insurance Benefits on September 21, 2017, alleging disability beginning February 1, 2017. See Certified Transcript of the Administrative Record, Doc. #13, compiled on January 4, 2021, (hereinafter "Tr.") at 191-92. Plaintiff's application was denied initially on April 18, 2018, see Tr. 117-26, and upon reconsideration on August 2, 2018. See Tr. 129-31.

On March 20, 2019, plaintiff, represented by Attorney Joyce Samuel, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Louis Bonsangue. See generally Tr. 37-70, Tr. 75-78. On April 15, 2019, the ALJ issued an unfavorable decision. See Tr. 14-30. On July 16, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making the ALJ's April 15, 2019, decision the final decision of the Commissioner. See Tr. 1-6.

Plaintiff, represented by Attorney Dennis G. Ciccarillo, timely appealed that decision to this Court on September 9, 2020. [Doc. #1]. The parties consented to the jurisdiction of the undersigned on November 9, 2020. See Doc. #9.

On January 5, 2021, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #13]. On April 12, 2021, after having received two extensions of time, plaintiff filed a Motion to Reverse the Decision of the Commissioner. See Docs. #14, #15, #16, #17, #18. On June 9, 2021, defendant filed a Motion to Affirm the Decision of the Commissioner [Doc. #21], to which plaintiff filed a reply. [Doc. #22]. On August 9, 2021, the Court granted plaintiff's motion and remanded this matter for further administrative proceedings. See Doc. #23. Judgment entered for plaintiff on that same date. [Doc. #24].

On August 25, 2021, the parties filed a Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA") agreeing that the Commissioner should pay fees in the amount of $9,700 (hereinafter the "Joint Stipulation"). [Doc. #25]. In the Joint Stipulation it is also "agreed that Plaintiff" will be "awarded costs under 28 U.S.C. §1920 in the amount of $400.00 to be paid by the Judgment Fund." Id. at 1 (footnote omitted). Attached to the Joint Stipulation is an "Interim Statement of Professional Services Rendered" detailing the number of hours

spent litigating the case on behalf of plaintiff (hereinafter the "Statement of Services"). Doc. #25-1 at 3-4.

Although the parties have reached an agreement as to the appropriate award of fees and costs in this matter, the Court is obligated to review the Statement of Services and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and internal quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of hours incurred by plaintiff's counsel to determine whether the stipulated fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Joint stipulation [**Doc. #25**], for the stipulated amount of **$9,700**. Further, in accordance with the parties' Joint Stipulation, plaintiff shall be awarded costs

3

under 28 U.S.C. §1920 in the amount of **$400.00** to be paid by the Judgment Fund.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In the Statement of Services attached to the Joint Stipulation, plaintiff's attorney claims fees for 55.5 hours of work at a rate of $208.94 per hour. See Doc. #25-1 at 1, 3-4. The parties have reached an agreement under which defendant would pay $9,700 in fees, which represents approximately 46.4 hours of attorney time. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461

4

U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's itemized Statement of Services to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

5

fee petition was timely filed.[2] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 46.4 hours of work, reduced from the 55.5 hours actually incurred. See generally Docs. #25, #25-1. The administrative transcript in this case was comprised of a substantial 1,334 pages and plaintiff's counsel submitted a thorough brief. See generally Doc. #18-1. Plaintiff's counsel also prepared a well-reasoned reply memorandum. See Doc. #22. Additionally, counsel did not represent plaintiff during the administrative proceedings. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #13]; preparation of the motion to reverse and supporting memorandum [Docs. #18, #18-1]; preparation of the statement of material

---

[2] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on October 8, 2021, 60 days after judgment for plaintiff entered. The parties filed the Joint Stipulation on August 25, 2021, well before the expiration of the filing deadline. See Doc. #25.

facts [Doc. #18-2]; and preparation of the reply. [Doc. #22].
Cf. Rodriguez v. Astrue, No. 08CV00154(JCH)(HBF), 2009 WL
6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to
weigh include the size of the administrative record, the
complexity of the factual and legal issues involved, counsel's
experience, and whether counsel represented the claimant during
the administrative proceedings." (quotation marks and multiple
citations omitted)); see also Lechner v. Barnhart, 330 F. Supp.
2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F.
Supp. 2d 284, 291 (E.D.N.Y. 2014).

    "Courts throughout the Second Circuit have consistently
found that routine Social Security cases require, on average,
between [twenty] and [forty] hours of attorney time to
prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL
264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal
quotation marks omitted); Cobb v. Astrue, No.
3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2,
2009). "However, in cases where the specific circumstances
warrant it, courts do not hesitate to award fees in excess of
twenty to forty hours." Butler v. Colvin, No.
3:13CV00607(CSH)(JGM), 2015 WL 1954645, at *2 (D. Conn. Apr. 29,
2015) (citation and quotation marks omitted). Although 46.4
hours just exceeds the presumptively reasonable time for
prosecuting a Social Security appeal, the agreed upon hours

sought are reasonable given the length of the record and the fact that plaintiff's counsel did not represent plaintiff during the administrative proceedings. See, e.g., Yulfo-Reyes v. Berryhill, No. 3:17CV02015(SALM), 2019 WL 582481, at *4-5 (D. Conn. Feb. 13, 2019) (awarding fees for 60 hours of work where, inter alia, the record at issue was over 2,000 pages, and plaintiff's pro bono counsel did not have experience in Social Security law and did not represent plaintiff during the administrative proceedings). Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$9,700** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the parties' Joint Stipulation [**Doc. #25**], for the stipulated amount of **$9,700.**

In addition, upon filing the complaint in this matter, plaintiff paid a filing fee in the amount of **$400.00.** See Doc. #1. Thus, in accordance with the parties' stipulation [**Doc. #25**], plaintiff shall be awarded costs under 28 U.S.C. §1920 in the amount of **$400.00** to be paid by the Judgment Fund. See, e.g., Christopher M. V. v. Comm'r of Soc. Sec., No. 1:19CV01500(JJM), 2021 WL 1746432, at *1 (W.D.N.Y. May 4, 2021) (The court approved an EAJA stipulation providing for payment of the filing fee pursuant to 28 U.S.C. §1920 where the docket

"reflect[ed] that plaintiff paid a filing fee in the amount of $400.00 upon filing the complaint.").

SO ORDERED at New Haven, Connecticut this 7th day of September, 2021

/s/
_____
Hon. Sarah A. L. Merriam
United States Magistrate Judge
